IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARNELL JO TRAMBLE, §
TDCJ #02136473, §
 §
      Plaintiff, §
 §
v. §    CIVIL ACTION NO. H-18-0810
 §
MEMORIAL HERMANN HOSPITAL, §
et al., §
 §
      Defendants. §

**MEMORANDUM OPINION AND ORDER**

State inmate Darnell Jo Tramble (TDCJ #02136473) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 20), alleging violations of his civil rights by Memorial Hermann Hospital, Ben Taub Hospital, and several physicians following his arrest by officers with the Houston Police Department ("HPD"). Tramble has filed two amended versions of his Complaint (Docket Entry Nos. 19, 20). At the court's request Tramble has also filed Plaintiff's More Definite Statement of his claims (Docket Entry No. 22). Because Tramble is an inmate who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

On February 10, 2017, Tramble sustained a gun shot wound to his left shoulder, which caused a "major fracture" to the "mid humerus."[1] Tramble explains that his girlfriend's uncle shot him with a 20 gauge shotgun after Tramble had an altercation with his girlfriend.[2] Tramble was taken by ambulance to Memorial Hermann Hospital ("Memorial Hermann") and treated in the emergency room.[3] Tramble claims that the emergency room physicians violated his constitutional rights by delaying treatment while HPD officers placed him under arrest.[4]

Tramble was arrested and charged with assault on a family member by "impeding breath" in connection with the altercation he had with his girlfriend.[5] Although Tramble requested surgery, doctors at Memorial Hermann treated the fracture with a "splint"

---

[1] [Second Amended] Prisoner's Civil Rights Complaint ("Second Amended Complaint"), Docket Entry No. 20, p. 4.

[2] Plaintiff's More Definite Statement, Docket Entry No. 22, p. 2.

[3] Second Amended Complaint, Docket Entry No. 20, p. 4.

[4] Id.

[5] Plaintiff's More Definite Statement, Docket Entry No. 22, p. 3.

and the gun shot entry wounds with bandages.[6] Tramble was discharged from Memorial Hermann two days later and taken to the Harris County Jail on February 12, 2017.[7]

On May 25, 2017, Tramble was convicted of the assault charges against him and sentenced to two years in state prison.[8] He was admitted to the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") on June 22, 2017.[9] While in custody at the Harris County Jail pending the resolution of those charges, Tramble received follow-up care for his injuries at Ben Taub Hospital ("Ben Taub").[10] Between February 22, 2017, and May 31, 2017, Tramble received X-rays, bandage changes, and a brace to replace the splint on his arm.[11] Although Tramble complained of swelling, weakness, and numbness, he claims that physicians at Ben Taub failed to treat his injury properly by removing "bullet fragments" or shotgun pellets that reportedly remained in his arm and that they failed to perform a "procedure" to align his fractured humerus with his injured shoulder.[12] Tramble claims,

---

[6] Id. at 4.

[7] Id. at 5.

[8] Id. at 3.

[9] Id. at 1.

[10] Id. at 5.

[11] Id.

[12] Id.

therefore, that doctors at Ben Taub "failed to render needed medical attention."[13]

Tramble continues to wear a "wrist support brace" on his left hand and is unable to lift over 30 pounds due to joint swelling and pain from the bullet fragments that remain in the soft tissue of his left arm, which he describes as deformed.[14] Invoking 42 U.S.C. § 1983, Tramble sues Memorial Hermann, Ben Taub, HPD, and several physicians who treated him for the gun shot wound he sustained.[15] Specifically, Tramble contends that doctors at Memorial Hermann and Ben Taub are liable for malpractice by denying him adequate medical care in the form of surgery and the removal of bullet fragments, which have caused swelling, weakness, and numbness in his arm.[16] Tramble seeks monetary damages for his pain and mental anguish.[17]

## II.  Discussion

### A.  Claims Against HPD

Tramble contends that HPD is liable because officers hindered or interfered with his medical treatment by emergency room physicians at Memorial Hermann when they placed him under arrest on

---

[13] Id.

[14] Id. at 7.

[15] Second Amended Complaint, Docket Entry No. 20, p. 3.

[16] Plaintiff's More Definite Statement, Docket Entry No. 22, pp. 5-6.

[17] Second Amended Complaint, Docket Entry No. 20, p. 4.

February 10, 2017.[18] As a subdivision of the City of Houston, HPD lacks capacity and is not subject to suit. See FED. R. CIV. P. 17; Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (concluding that, as an agency or subdivision of the city, the police department lacked capacity to be sued as an independent entity). Accordingly, the claims against HPD must be dismissed.

## B. Remaining Claims

"To state a claim under [42 U.S.C. § 1983], a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). In other words, the alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is

---

[18]Second Amended Complaint, Docket Entry No. 20, pp. 3-4.

otherwise chargeable to the State." Id.

Tramble does not allege facts showing that either Memorial Hermann or Ben Taub are state actors or that, even if they could be considered as such, they can be held liable under 42 U.S.C. § 1983. Just as a municipal entity is not liable under a theory of respondeat superior, see Monell v. Dep't of Social Svcs., 98 S. Ct. 2018, 2037 (1978), a private hospital cannot be held vicariously liable under § 1983 for constitutional torts committed by its employees. See Shields v. Illinois Dep't of Corrections, 746 F.3d 782, 790 (7th Cir. 2014) (citations omitted); see also Goodarzi v. Hartzog, Civil No. H-12-2780, 2013 WL 3110056, at * 5 (S.D. Tex. June 14, 2013) (rejecting a claim of state actor liability against Memorial Hermann for this reason). Because Tramble does not allege that he was denied care as the result of a constitutionally deficient policy, he does not state an actionable claim against Memorial Hermann or Ben Taub under § 1983. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell, 98 S. Ct. at 2037).

Likewise, to the extent that Tramble sues physicians who treated him at Memorial Hermann, physicians employed by private hospital facilities do not become state actors for purposes of liability under 42 U.S.C. § 1983 simply because police transport them to the emergency room. See Stratton v. Buck, 498 F. App'x 674, 675-76 (9th Cir. 2012); Styles v. McGinnis, 28 F. App'x 362,

364 (6th Cir. 2001); see also Thomas v. Nationwide Children's Hosp., 882 F.3d 608, 614 (6th Cir. 2018) (rejecting claims against emergency room physicians because allowing state actor liability under § 1983 in that context "would serve only to chill physicians from exercising their professional judgment to administer care they deem medically necessary"); Sykes v. McPhillips, 412 F. Supp. 2d 197, 202-03 (N.D.N.Y. 2006) (explaining that hospitals, which are federally mandated to provide emergency medical care pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, are not subject to state actor liability for treating a prisoner in police custody). Tramble does not otherwise allege facts establishing liability on the part of the physicians who treated him at Memorial Hermann.

Tramble also takes issue with the follow-up care that he received from physicians at Ben Taub, where he appears to have received care while he was in custody at the Harris County Jail pursuant to a contractual arrangement. Physicians employed at a private hospital that accepts prisoners as patients pursuant to a contract can be liable as state actors for providing medical care as a public function that is attributable to the state. See West v. Atkins, 108 S. Ct. 2250, 2260 (1988); see also Rice ex rel. Rice v. Correctional Medical Svcs., 675 F.3d 650, 672 (7th Cir. 2012) (citing Rodriguez v. Plymouth Ambulance Svc., 577 F.3d 816, 831-32 (7th Cir. 2009)). Assuming that physicians employed by Ben Taub

qualify as state actors in this instance, Tramble cannot prevail because he does not establish that he was denied medical care in violation of the Constitution.

Tramble's claim concerning the denial of adequate medical care falls under the Due Process Clause of the Fourteenth Amendment, which requires the state to provide for the "basic human needs" of pretrial detainees, including the right to adequate medical care. <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639 (5th Cir. 1996) (en banc); <u>see</u> <u>also</u> <u>Thompson v. Upshur County</u>, 245 F.3d 447, 457 (5th Cir. 2001) ("[P]retrial detainees have a constitutional right, under the Due Process Clause of the Fourteenth Amendment, not to have their serious medical needs met with deliberate indifference on the part of the confining officials."). To prevail under these circumstances, a plaintiff must demonstrate that the defendants "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference." <u>Hare</u>, 74 F.3d at 650.

The deliberate indifference standard is an "extremely high" one to meet. <u>Domino v. Texas Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exigent circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate

indifference requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (citation and internal quotation marks omitted).

The pleadings reflect that Tramble was provided with medical care for his injuries that included an X-ray of the fractures, bandage changes for his gun shot wounds, and a brace to replace the splint that he received initially.[19] Tramble takes issue with the level of care he received, alleging that the physicians employed by Ben Taub committed medical malpractice by not removing bullet fragments from his injured arm or performing surgery to stabilize his broken arm.[20] Allegations of malpractice do not constitute deliberate indifference and are insufficient to establish a constitutional violation. See Gobert, 463 F.3d at 346. Because Tramble does not allege facts showing that he was denied care in violation of his constitutional rights, this action must be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

---

[19]Plaintiff's More Definite Statement, Docket Entry No. 22, p. 5.

[20]Id. at 5-6.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The prisoner civil rights action filed by Darnell J. Tramble under 42 U.S.C. § 1983 is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 20th day of Nov., 2018.

```
                        _____
                                SIM LAKE
                        UNITED STATES DISTRICT JUDGE
```